# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ELECTRO GRAFIX, CORP. D/B/A <br> AETNA SIGN GROUP, LTD., D/B/A <br> AETNA SIGN COMPANY, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ACADIA INSURANCE COMPANY, <br> AND MARLIN DOUGLAS ODERMATT, <br><br> *Defendants*. | Civil Action No. SA-18-CA-589-XR |

## ORDER

On this date, the Court considered its jurisdiction over this removed case, Plaintiff Electro Grafix, Corp.'s Motion to Remand (Docket no. 10), and Defendant Marlin Douglas Odermatt's Motion to Dismiss (Docket no. 7). After careful consideration, the Court finds that Defendant Odermatt is improperly joined and DENIES Plaintiff's Motion to Remand. Defendant Odermatt's Motion to Dismiss is DENIED AS MOOT.

## BACKGROUND

On April 20, 2018, Plaintiff filed its Original Petition in the 285th Judicial District Court of Bexar County, Texas, asserting claims for fraud, breach of contract, noncompliance with the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against Defendants. Docket no. 1-2. On June 13, 2018, Defendant Acadia Insurance Company ("Acadia") removed this case to this Court, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket no. 1.

Plaintiff owns real property located at 2438 Freedom Drive, San Antonio, Texas 78217

(the "Property") that was covered by an insurance policy provided by Acadia, which covered potential hail damage. Docket no. 1-2 at 6–7. Plaintiff alleges that on April 12, 2016, a hail storm damaged the roof of the Property and Plaintiff hired a roofing contractor to get an estimate on the extent of damage and cost of repair. *Id.* at 7. The contractor allegedly determined a hail incident occurred and the Property's roof was damaged. *Id.* Plaintiff filed a claim with Acadia on April 22, 2016, and Plaintiff alleges that after Acadia's agents inspected the roof, "it was understood by Plaintiff that Acadia determined indication of hail damage to the roof existed." *Id.* Plaintiff claims that Acadia, however, "falsely reported that such damage did not exceed the policy deductible and stated [Acadia] was closing its file." *Id.*

Plaintiff alleges that on March 27, 2017, Acadia was again notified that a contractor inspected the roof and was of the opinion that it had sustained hail damage. *Id.* After Plaintiff requested Acadia to re-inspect the damage, Acadia allegedly hired a professional engineer who concluded there was no visible hail damage to the roof. *Id.* at 8. Plaintiff alleges that following a second examination, the engineer found at least one hail strike that indicated potential hail damage. *Id.* Thereafter, Acadia allegedly "took the position there was some damage, but the roof could be repaired and the incident was not covered by the Acadia Policy." *Id.* Plaintiff alleges that after an October 19, 2017, inspection of the roof, Acadia again denied the claim because "core samples of the roof were negative for damage, Plaintiff had not provided additional samples, and [Acadia] falsely claimed the damage to the roof was 'wear and tear.'" *Id.* at 8–9.

Plaintiff alleges that, at a later date, Acadia "attempted to obtain an inappropriate settlement" with Plaintiff over the incident. *Id.* at 9. Defendant Odermatt allegedly arrived at the Property and "attempted to obtain a release from Plaintiff's general manager, Manuel Ramos, who lacked the authority to act." *Id.* Plaintiff alleges Odermatt made "certain misrepresentations"

in an attempt to obtain an inappropriate settlement and release. *Id.* Plaintiff further alleges that Odermatt "misrepresented the extent of the damages to the building, the facts related to the claim, and the amount of the loss and tried to convince Ramos that Ramos had authority to make a settlement on behalf of Plaintiff in an effort to obtain an inappropriate release." *Id.*

Plaintiff alleges that Acadia failed to adequately compensate it under the terms of the insurance policy. *Id.* Plaintiff alleges that Odermatt was "apparently not an employee" of Acadia's, "but was acting on [Acadia's] behalf as an agent at the time of his actionable conduct." *Id.* at 10. Plaintiff states that Acadia "has not accepted responsibility for the conduct of Odermatt, and thus he is being sued in his individual capacity." *Id.* Plaintiff brings claims against Acadia for fraud, breach of contract, noncompliance with the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the DTPA. *Id.* at 13–17. Plaintiff brings a claim against Odermatt for noncompliance with the Texas Insurance Code. *Id.* at 18.

On June 20, 2018, Odermatt filed his motion to dismiss, arguing that Plaintiff fails to state a valid claim against him under the Texas Insurance Code. Docket no. 7. On July 3, 2018, Plaintiff filed its motion to remand, arguing that Acadia's removal was procedurally defective and that Odermatt is not improperly joined. Docket nos. 10, 11. The Court will first evaluate the motion to remand to determine if it has jurisdiction over this case.

## ANALYSIS

### I. Plaintiff's Motion to Remand

Plaintiff argues that this case should be remanded to state court because Acadia's removal was procedurally defective. Plaintiff further argues that Defendant Odermatt is not improperly joined, and thus, this Court lacks diversity jurisdiction over this case.

### A. Acadia's removal was not defective.

Plaintiff first argues that Acadia did not properly remove the case to this Court because Acadia cannot show that Odermatt consented to removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Plaintiff argues that because Acadia has not shown that Odermatt either joined in or consented to removal, and it has been more than thirty days after receipt by or service on the last-served defendant of the initial pleading or summons, the removal was defective. *See id.* § 1446(b)(2).

But as Acadia points out, consent of an improperly joined party is not necessary for removal to be procedurally proper. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that in cases alleging improper joinder, application of the requirement that all co-defendants must consent to removal "would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists"). "[I]f there is no need to obtain the consent of the improperly or fraudulently joined defendants, it follows that the defendant need not explain the absence of consent." *Id.* Acadia's removal is based on the allegation that Odermatt is improperly joined as a defendant in the case. Thus, at this stage, the Court does not find removal to be defective. The Court must determine if Odermatt is improperly joined.

### B. Defendant Odermatt is improperly joined.

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on 28 U.S.C.

§ 1332 by demonstrating that a non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. *Smallwood*, 385 F.3d at 573.

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550.

Acadia states that Plaintiff is a Texas corporation with its principal place of business in Texas, and that Acadia is a New Hampshire corporation with its principal place of business in Maine. Docket no. 8 at 2. Acadia argues that Defendant Odermatt's citizenship should be

5

disregarded for the purposes of determining diversity jurisdiction because Odermatt is improperly joined. *Id.* There is no dispute that the amount in controversy exceeds $75,000. Plaintiff argues that Odermatt is not improperly joined, and because Odermatt is non-diverse from Plaintiff, this Court lacks jurisdiction and the case should be remanded to state court.

In its notice of removal, Acadia states that on May 17, 2018, before Odermatt was served with Plaintiff's lawsuit, Acadia provided written notice that it accepted "whatever liability Odermatt might have to [Plaintiff] for Odermatt's acts or omissions related to this claim." Docket no. 1 at 3. Acadia argues that Plaintiff has no valid claim against Odermatt under the Texas Insurance Code.

Under the Texas Insurance Code, "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; [or] (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a). Plaintiff argues that Odermatt is subject to liability under these provisions because he is a "person" as defined by the Texas Insurance Code. *See id.* § 541.002(2) ("'Person' means an individual, corporation, association, . . . or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."). But under the Texas Insurance Code, "[i]f a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c); *see also id.* § 542A.006(a) ("[A]n insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to

6

the claim by providing written notice to the claimant.")

Plaintiff argues that the Court should not consider Acadia's written notice indicating that it elected to accept whatever liability Odermatt might have because such written notice is "information beyond the four corners of the State Court pleadings" and should not be considered in a Rule 12(b)(6)-type analysis. Docket no. 11 at 14–15. But this Court is not so limited when determining if a party is improperly joined. First, the Court should look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). If a plaintiff survives a Rule 12(b)(6) challenge, ordinarily there is no improper joinder. But there are cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* In such a case, a court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

Although a court may pierce the pleadings, it should do so with restraint, so as to not necessitate substantial hearings or extensive discovery because such steps risk moving the court "beyond jurisdiction and into a resolution of the merits." *Id.* at 573–74. In this case, however, the Court does not find such a risk to be present. In his petition, Plaintiff acknowledges that Acadia accepted the responsibility of Christopher Lee Michels, another adjuster, but makes no similar acknowledgment as to Acadia accepting responsibility for Odermatt. Defendants have shown that Acadia provided Plaintiff with written notice of its election to accept whatever liability Odermatt might have in this case. Docket no. 7-2 at 2. When an insurer elects to accept liability for an agent and notifies the claimant, the court "shall dismiss" the claimant's action against the agent. TEX. INS. CODE § 542A.006(c). Defendants have shown that any potential claim against Odermatt would be dismissed under the Texas Insurance Code. Further, Plaintiff's argument that

7

Acadia has failed to show that Odermatt is an "agent" lacks merit. Plaintiff's own allegation that "Odermatt . . . was acting on [Acadia's] behalf as an agent at the time of his actionable conduct" contradicts such an argument. Docket no. 1-2 at 10.

Given that any claim that Plaintiff makes against Odermatt will be dismissed under § 542A.006(c), the Court finds that Acadia has met its burden to show that there is no reasonable basis to predict that Plaintiff might be able to recover against Defendant Odermatt. Accordingly, the Court finds that Odermatt is improperly joined, and this Court lacks subject-matter jurisdiction over the claims against him. Eliminating Odermatt from the suit creates diversity of citizenship between Plaintiff and Acadia. Taken together with the fact that the amount in controversy exceeds $75,000, the Court finds that the requirements of diversity jurisdiction are satisfied. Plaintiff's motion to remand is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand (Docket no. 10) and finds that Defendant Odermatt is improperly joined. Accordingly, Odermatt is DISMISSED WITHOUT PREJUDICE as improperly joined. Odermatt's Motion to Dismiss (Docket no. 7) is DENIED AS MOOT.

It is so ORDERED.

SIGNED this 14th day of August, 2018.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE